The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the Plaintiff and the Defendant-employer
3. The Defendant-employer was self insured with Associated Risk Services acting as the servicing agent.
4. Plaintiff's average weekly wage was $225.47, which yields a compensation rate of $150.15 per week.
5. Plaintiff is alleging an injury by accident which occurred on July 31, 1990, resulting in an injury to his back.
6. The Defendant-employer denied liability at the hearing.
7. The issues to be determined by the Commission are
 (1) Whether plaintiff in fact suffered a specific traumatic incident as alleged and
 (2) Should Defendant be estopped from now denying liability based on plaintiff's exhibit 1, which is a letter in which the Defendant employer admitted liability.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was employed by the Defendant employer as a cutter. His duties required him to unload furniture from the assembly line.
2. On July 31, 1990, Plaintiff developed pain in his back and properly reported it to Ms. Debra Owens. Ms. Owens told Plaintiff to wait a couple of days and if the problem continued, a doctors' appointment would be made. Shortly thereafter, Defendant employer made an appointment for Plaintiff to see Dr. Watts.
3. On August 6, 1990, Debra completed a Form 19 which indicated that Plaintiff injured his back lifting beds for the past two days. The Form 19 further indicates that Plaintiff told his supervisor, Jimmy Charles, of the injury on the day it happened.
4. The employer's former third party administrator accepted this claim as compensable and paid Plaintiff's medical bills. By letter dated August 26, 1991, Ms. Teresa J. Atkins, Senior Claims Supervisor verified to Plaintiff, "On 7/31/90 you sustained a back injury on-the-job which was deemed compensable and benefits have been paid."
5. Plaintiff suffered a specific traumatic incident on July 31, 1990, which resulted in an injury to his back and for which he has incurred medical expenses.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since Plaintiff suffered a specific traumatic incident resulting in an injury to his back on July 31, 1990, he is entitled to benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
2. Since the Defendant employer came to the hearing at the Deputy Commissioner level and denied liability even after previously acknowledging liability, it had no right to direct medical treatment. Therefore all medical expenses incurred by Plaintiff as a result of this July 31, 1990 back injury shall be paid by Defendant employer. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff suffered an specific traumatic incident on July 31, 1990, and is entitled to benefits under the Workers' Compensation Act.
2. Defendants shall pay all reasonable and necessary medical expenses incurred or to be incurred by plaintiff as a result of the July 31, 1990 specific traumatic incident to the extent it tends to effect a cure, provide needed relief and/or lessen the period of disability. Defendants are not obligated to pay for any medical expenses which are not related to the July 31, 1990 injury but rather are related to the other injuries for which the statute of limitations has already run.
3. Defendants shall pay the cost due the Commission.
 S/ ___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________ COY M. VANCE COMMISSIONER